Ellis **PERLBERG**

v.

**BRENCOR ASSET MANAGEMENT, INC.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

July 30, 2001.

Application for Permission to Appeal Denied by Supreme Court Dec. 10, 2001.

John M. Wolfe, Jr., Chattanooga, TN, for appellant, Ellis Perlberg.

Angela M. Cirina, Chattanooga, TN, for appellee, Brencor Asset Management, Inc.

## OPINION

SUSANO, J., delivered the opinion of the court, in which FRANKS and SWINEY, JJ., joined.

This is a handicap discrimination case. The plaintiff, Ellis Perlberg, injured his back while working for the defendant, Brencor Asset Management, Inc. ("Brencor"). He returned to work several months later. He was terminated on the day of his return. Brencor informed Perlberg that he was being terminated because his physician had informed the company of Perlberg's permanent restrictions, which restrictions, according to the company, were incompatible with Perlberg's job requirements. Perlberg filed suit, alleging, *inter alia,* that Brencor "violated the TENNESSEE HUMAN RIGHTS ACT [ ("THRA") ] by not reasonably accommodating him in a job of which he was capable in his injured condition." After the trial court granted Brencor summary judgment, Perlberg filed a motion to alter or amend the judgment, and, for the first time identified T.C.A. § 8–50–103 (1993),

the Tennessee Handicap Act ("THA"), as the statute under which he was pursuing his THRA claim. The trial court denied Perlberg's motion to alter or amend, and he now appeals. We reverse.

## I. *Background*

Perlberg commenced his employment as a maintenance technician with Brencor on December 13, 1996. He injured his back while in the course and scope of that employment on April 17, 1997. On April 23, 1997, Perlberg ceased working and began several months of treatment under the care of his physician.

When Perlberg returned to work on November 3, 1997, Brencor terminated his employment. Brencor informed Perlberg by letter that it had received a letter from Perlberg's physician outlining permanent work restrictions that were incompatible with the job requirements of a maintenance technician.

On November 3, 1998, Perlberg filed the instant action, stating his claim[1] as follows:

1. Perlberg also alleged claims under the theories of breach of contract and retaliatory discharge. On appeal, Perlberg makes no arguments relating to the dismissal of his breach of contract claim, and, at oral argument, his counsel indicated that he was not appealing the dismissal of his retaliatory discharge claim. Hence, the only claim at issue on this appeal relates to the allegation that Brencor "violated the TENNESSEE HUMAN RIGHTS ACT by not reasonably accommodating him in a job of which he was capable in his injured condition."

2. An earlier motion for summary judgment filed by Brencor was stricken by the trial court on a technicality.

3. The second page of this job description, on which page the lift and carry requirements are found, was inadvertently omitted from the attachment; at a later time, prior to the final resolution of this case below, the defendant filed both pages of the job description. The

Defendant ... violated the TENNESSEE HUMAN RIGHTS ACT by not reasonably accommodating him in a job of which he was capable in his injured condition.

Brencor filed a motion for summary judgment on April 24, 2000.[2] The motion was supported by the affidavit of Martha Hopkins, Brencor's District Manager. In her affidavit, Hopkins stated, *inter alia,* that Perlberg's physician, on October 3, 1997, indicated that Perlberg could return to work, but could not, among other things, lift more than 35 pounds frequently or carry more than 60 pounds. She attached to her affidavit a description of Perlberg's job as a maintenance technician. The attachment reflects that a maintenance technician is required to lift and carry 50–100 pounds frequently.[3]

After a hearing on the motion, the trial court granted Brencor's motion for summary judgment. With respect to Perlberg's THRA[4] claim, the court noted that Perlberg did not cite any statute as required by Tenn. R. Civ. P. 8.05. The court then referred to T.C.A. § 4–21–401,[5] which

failure to file the complete document originally is the basis for an additional issue by Perlberg. In view of our resolution of the case, we do not find it necessary to address this issue.

4. The THRA is codified at T.C.A. § 4–21–101 *et seq.*

5. T.C.A. § 4–21–401 provides, in pertinent part, as follows:

(a) It is a discriminatory practice for an employer to:
(1) Fail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin. . . .

deals with employment-related discrimination under the THRA. The court found that the statute applied only to discrimination based upon an individual's race, creed, color, religion, sex, age or national origin, and did not apply to Perlberg's handicap discrimination claim. The court also stated that "[n]o provision is found in the THRA which requires [Brencor] to reasonably accommodate [Perlberg] in a job he could perform in his disabled condition."

Subsequent to the court's memorandum opinion and order granting Brencor summary judgment, Perlberg filed a motion to alter or amend the judgment pursuant to Tenn. R. Civ. P. 59. In his motion, Perlberg, for the first time, cited T.C.A. § 8–50–103 (1993), which relates to discrimination based upon a handicap.[6]

In its second memorandum opinion and order, the trial court again found in favor of Brencor. The court focused on the language of T.C.A. § 8–50–103, which states that "[t]here shall be no discrimination ... solely upon any physical, mental or visual handicap ... *unless such handicap to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved.*" The court, relying upon the italicized language, found that Brencor did not violate the statute by terminating Perlberg's employment because Perlberg did not meet the physical qualifications for the position. In so holding, the trial court relied upon the aforementioned affidavit of Ms. Hopkins, Brencor's District Manager, which purports to establish that Perlberg's physical problems "prevent[s] [him] from performing the duties required by the employment sought or impairs the performance of the work involved." *Id.*

Perlberg appeals, asserting several errors, one of which is that the trial court erred in granting Brencor summary judgment because, so the argument goes, Brencor failed to rebut the case of handicap discrimination alleged by Perlberg. Because we find this issue to be dispositive, we do not address the appellant's other arguments.

## II. *General Principles of Summary Judgment*

In deciding whether a grant of summary judgment is appropriate, courts are to determine "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Courts "must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." *Byrd v. Hall,* 847 S.W.2d 208, 210–11 (Tenn.1993). A movant may not rely on inadmissible evidence. *Id.* at 215.

The party seeking summary judgment has the burden of demonstrating that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. *Id.* at 215. Generally, a defendant seeking summary judgment

---

**6.** T.C.A. § 8–50–103(a) provides as follows:
There shall be no discrimination in the hiring, firing and other terms and conditions of employment of the state of Tennessee or any department, agency, institution or political subdivision of the state, or of any private employer, against any applicant for employment based solely upon any physical, mental or visual handicap of the applicant, unless such handicap to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved. . . .

may meet this burden in one of two ways: (1) by affirmatively negating an essential element of the plaintiff's case, or (2) by conclusively establishing an affirmative defense. *Id.* at 215 n. 5. Once the moving party satisfies its burden of showing that there is no genuine issue of material fact, the burden then shifts to the nonmoving party to show that there is a genuine issue of material fact requiring submission to the trier of fact. *Id.* at 215.

## III. *Discussion*

Perlberg argues that the trial court erred in granting Brencor summary judgment because, so the argument goes, Brencor failed to rebut an element of his handicap discrimination case.

The Tennessee Human Rights Act ("THRA") is codified at T.C.A. § 4–21–101 *et seq.* The THRA on its face protects employees from adverse employment decisions based upon an employee's "race, creed, color, religion, sex, age or national origin ...." T.C.A. § 4–21–401 (1998). The employment-related part of the THRA does not expressly apply to claims of discrimination based upon a disability. Instead, an employee is protected from an adverse employment decision based upon a disability under the Tennessee Handicap Act ("THA"), T.C.A. § 8–50–103 (1993), which provides, in pertinent part, as follows:

> (a) There shall be no discrimination in the hiring, firing and other terms and conditions of employment of the state of Tennessee or any department, agency, institution or political subdivision of the state, or of any private employer, against any applicant for employment based solely upon any physical, mental

or visual handicap of the applicant, unless such handicap to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved ....

The THA works in conjunction with the THRA to grant an individual a civil cause of action for wrongful discrimination based upon a handicap. *See* T.C.A. § 8–50–103(b)(1)–(2); T.C.A. § 4–21–311 (1998).

The Supreme Court recently outlined the appropriate framework for analyzing an employment-related handicap discrimination claim under the THA and the THRA in *Barnes v. Goodyear Tire and Rubber Company*, 48 S.W.3d 698 (Tenn., 2000). The framework is as follows:

> First, a claimant must establish that he or she is a qualified individual with a disability. Next, the claimant must show that he or she can perform the essential functions of the job with or without reasonable accommodation. Finally, the claimant must show that he or she was subjected to an adverse employment action on the basis of a protected disability. The claimant can establish causation under either a direct evidence method or an indirect evidence method. A showing of direct evidence of intentional discrimination entitles the claimant to judgment unless the employer shows that an impermissible motive did not play a role in the employment decision. If the claimant is unable to proffer direct evidence of discrimination, the claimant can rely on circumstantial evidence under the indirect evidence method. We adopt the [*Texas Dept. of Comm. Affairs v.*] *Burdine* [, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (U.S.

1981)] burden-shifting analysis to analyze indirect evidence cases.

*Barnes,* 48 S.W.3d at 710.

As a threshold matter, Brencor complains that we should not consider Perlberg's handicap discrimination claim because, so the argument goes, it was not properly raised until after the trial court granted Brencor summary judgment. While the draftmanship of the complaint leaves much to be desired, we cannot, in this summary judgment analysis, find that it is so deficient as to warrant a finding that such a claim was not raised in the complaint.

The discrimination claim is stated in the complaint as follows:

Defendant ... violated the TENNESSEE HUMAN RIGHTS ACT by not reasonably accommodating [Perlberg] in a job of which he was capable in his injured condition.

Perlberg did not specifically identify the THA, by name or by statute number, until he filed his Tenn. R. Civ. P. 59 motion to alter or amend the summary judgment granted to Brencor. Brencor argues that Perlberg's complaint fails to comply with Tenn. R. Civ. P. 8.05.

■ Tenn. R. Civ. P. 8.05 provides, in pertinent part, as follows:

Every pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged.

We are of the opinion that Perlberg's complaint states sufficient facts to apprise Brencor of a claim of employment-related

handicap discrimination. We note first that Brencor, upon receiving the complaint, did not file a motion for a more definite statement. Moreover, the only way to interpret that portion of the complaint specifically alleging that Brencor violated the THRA by failing to reasonably accommodate Perlberg is to read the THRA in conjunction with the THA. This is because the concept of "reasonable accommodation" is not in the THRA *per se,* except to the extent that the THRA relates to a claim of housing discrimination, and this is obviously not a claim of housing discrimination. However, a claim regarding reasonable accommodation in employment does make sense in the context of a THA claim. *See* T.C.A. § 8–50–103(b)(1)–(2).[7] Furthermore, the only reasonable interpretation of Perlberg's complaint is that he is asserting a claim of employment-related discrimination with respect to his physical condition. We therefore find and hold that the complaint adequately alleges a claim of handicap discrimination under T.C.A. § 8–50–103.

We now address Perlberg's argument that the trial court erred in granting summary judgment to Brencor because, according to the argument, Brencor failed to present, by way of affidavits or discovery material, facts to rebut an essential element of his claim. More specifically, and as it relates to the defensive position taken by Brencor, Perlberg argues that Brencor, as the summary judgment movant, failed to show that Perlberg's alleged handicap "to some degree prevents [him] from performing the duties required by the employment sought or impairs the performance of the work involved." T.C.A. § 8–50–103(a).

Brencor disagrees. It relies upon that portion of Hopkins' affidavit stating that

---

7. The THA, in T.C.A. § 8–50–103(b)(2), clearly states that a violation of its terms brings into play "all rights provided" in the THRA. *See*   *also Barnes,* 48 S.W.3d at 705 ("The THA embodies the definitions and remedies provided by the Tennessee Human Rights Act.").

Perlberg's physician had informed Brencor that Perlberg's permanent restrictions prevented him from lifting more than 35 pounds frequently and carrying more than 60 pounds. Perlberg responds that Hopkins had no personal knowledge of the restrictions, that the physician's alleged statement is hearsay, and, consequently, that the subject assertion in the affidavit is inadmissible and cannot be utilized on summary judgment.

Brencor echoes the trial court's findings on the admissibility of this portion of Hopkins' affidavit. The trial court stated that the doctor's restrictions were business records and that they were "in the nature of a statement against the Plaintiff's interest by his agent."

First, we do not believe that the business record exception to the hearsay rule applies. Tenn. R. Evid. 803(6) provides, in pertinent part, that the following is admissible hearsay:

A memorandum, report, record, or data compilation in any form of acts, events, conditions, opinions, or diagnoses made at or near the time by or from information transmitted by a person with knowledge and a business duty to record or transmit if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

In her affidavit, Hopkins states, in pertinent part, as follows:

On October 3, 1997, Mr. Perlburg's [sic] physician indicated that employee could return to work with permanent restrictions consisting of no lifting greater than 35 lbs. frequently, no carrying greater

than 60 lbs., avoid repetitive stair climbing, and to change positions every hour.

The affidavit includes as an attachment *a letter from Hopkins to Perlberg* stating again that Brencor "[has] received the doctor's letter indicating permanent restrictions . . . ." This is the totality of the evidence relating to Perlberg's alleged restrictions; *the doctor's letter is not in the record.* Hence, there is no "memorandum, report, record, or data compilation" from the doctor. Obviously, such a document must exist to implicate the provisions of Rule 803(6).

Second, Tenn. R. Evid. 803(1.2) recognizes the following hearsay exception:

A statement offered against a party that is (A) the party's own statement in either an individual or a representative capacity, or (B) a statement in which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by an agent or servant concerning a matter within the scope of the agency or employment made during the existence of the relationship under circumstances qualifying the statement as one against the declarant's interest regardless of declarant's availability....

We do not believe that Hopkins' assertion that Perlberg's physician informed her of Perlberg's permanent restrictions qualifies as an admission by a party-opponent. There is no indication in the record that Perlberg instructed the doctor to make such a statement on his behalf or that the doctor was otherwise acting as Perlberg's agent when he made the statement.

■ In sum, we are of the opinion that the letter-from-Perlberg's physician portion of Hopkins' affidavit is hearsay and is not admissible under any exception to the hearsay rule. Clearly, Hopkins would not

be allowed to establish the existence of Perlberg's alleged permanent restrictions by testifying at trial that the physician informed her of such restrictions. Such testimony would be inadmissible hearsay. Hence, it cannot be considered on summary judgment. *Byrd*, 847 S.W.2d at 215.

Brencor argues that Hopkins' statement regarding the restrictions is not hearsay because, so the argument goes, Brencor is not seeking to establish the existence of the restrictions but rather that its decision to terminate Perlberg was motivated by its belief that Perlberg was limited by such restrictions. We disagree with this analysis. As to the handicap discrimination claim—the only claim at issue on this appeal—the existence of the restrictions is essential to Brencor's summary judgment effort; without them, Brencor cannot establish its defensive posture that Perlberg's alleged handicap "to some degree prevents [him] from performing the duties required by the employment sought or impairs the performance of the work involved." T.C.A. § 8–50–103(a).

In summary, we hold that Perlberg's complaint alleges a cause of action for employment-related handicap discrimination under the THA and the THRA. We further find and hold that Brencor has failed to carry its burden on summary judgment of showing that Perlberg's alleged disability somehow hindered him from performing the requirements of his job. Accordingly, we find that the trial court erred in granting Brencor summary judgment on the claim of employment-related handicap discrimination.

### IV. *Conclusion*

The judgment of the trial court as to the appellant's cause of action for employment–related handicap discrimination under the THA and the THRA is reversed. The case is remanded for further proceed-

ings consistent with this opinion. Costs on appeal are taxed to the appellee, Brencor Asset Management.