# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 28, 2004 Session

## STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES v. B.F., ET AL.

**Appeal from the Juvenile Court for Sevier County**
**No. 94-M3-496      Dwight E. Stokes, Judge**

---

### No. E2004-00338-COA-R3-PT - FILED DECEMBER 2, 2004

---

This parental termination case presents the Court with two issues: (1) whether a case manager can testify regarding facts about which she has no personal knowledge but which are documented in a case file not made an exhibit, and (2) whether the guardian ad litem of a minor child can testify as a witness. At the trial of this case, the State of Tennessee, Department of Children's Services presented only two witnesses: the case manager who had only been working on the file for six months and the child's guardian ad litem. The case manager had no firsthand knowledge of the facts except what she had read in the case file which was not present at the trial and not introduced into evidence. The defendant objected on the basis of hearsay and the trial court allowed the case manager to testify under the business records exception to the hearsay rule. The guardian ad litem testified concerning her investigation into the matter over the Defendant's objection. We hold that the case manager's testimony was hearsay and was not admissible under the business records exception to the hearsay rule. We hold that the guardian ad litem's testimony was not admissible pursuant to Tennessee Supreme Court Rule 40 which forbids such testimony. Because of the exclusion of the testimony of these witnesses, the trial court should have granted Defendant's motion for a directed verdict. Accordingly, we vacate the judgment of the trial court and remand to the Juvenile Court for Sevier County for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

James R. Hickman, Jr., Sevierville, Tennessee, for the Appellant, B.F.

Paul G. Summers, Attorney General and Reporter, and Elizabeth C. Driver, Assistant Attorney General, Nashville, Tennessee, for the Appellee, State of Tennessee.

**OPINION**

In January of 2002, the Appellee, State of Tennessee, Department of Children's Services, (hereinafter "DCS") filed a petition in the Juvenile Court for Sevier County, Tennessee, to terminate the parental rights of the Appellant, B.F., (hereinafter "the father"), and L.F. (hereinafter "the mother") with respect to their minor son, D.F. (hereinafter "the child"). A hearing was held on the petition to terminate the mother's rights in April of 2002. Thereafter, an order was entered granting the petition as to her and no appeal was taken. On March 5, 2003, a hearing was held on the petition as to the father and the trial court entered its order terminating the father's parental rights on October 8, 2003. The father appealed.

We address the following issues in this case:

1) Whether a case manager can testify regarding facts about which she has no personal knowledge but which are documented in a case file that is not made an exhibit.

2) Whether the guardian ad litem of a minor child can testify as a witness.

3) Whether the trial court erred in failing to grant the father's motion to dismiss at the close of DCS's proof.

The issues presented in this appeal are matters of law, not fact, and are reviewed *de novo* with no presumption as to the correctness of the trial court's decision. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

The first issue we address is whether the trial court erred in allowing the case manager to testify.

At the hearing on the petition to terminate the father's parental rights, DCS called its employee, Laura Sane, as the first of two witnesses testifying in support of the petition. Ms. Sane attested that she had been the child's case manager for approximately six months and that she was "the keeper of the records . . ." for the child. When the case manager was questioned as to information contained in the child's file, counsel for the father objected as follows:

> MR. HICKMAN: Your Honor, I think I'm going to have to object to this Witness's entire testimony. She's testified that she's only been the case manager for the last six months, and as the termination proceeding is in relation to activities within the four months preceding the filing, which was January of last year, this Witness has no knowledge of the relevant information regarding the termination.

MS. RUSHING [DCS counsel]: Your Honor, she is the keeper of the business record. As the business-record exception, the Court is aware and understands that she can testify about the contents of the file.

THE COURT: It does appear that your objection is based upon her having no knowledge. Based on the business-records exception, it's her testimony that she is the keeper of those records, then that objection would be overruled.

MR. HICKMAN: Well, Your Honor, I would ask, though, if she's going to be testifying from the record and that's going to be the basis of her testimony, she doesn't have any record with her today. She certainly would need it. If she's going to testify as the records-keeper she would need to have the records.

THE COURT: You can take up any objection specifically to any testimony, but as far as the testimony at this point in time is established everything is competent at this point.

The case manager then proceeded to testify from her memory as to notations in the file regarding such matters as the father's failure to visit the child, pay child support, and send cards and gifts. The case manager did not have firsthand knowledge of these facts since she was not working as case manager when the events occurred. The only facts the case manager had personal knowledge of all occurred after the termination petition was filed.

The Father argues that the case manager's testimony regarding case file information as to matters of which she had no personal knowledge should have been excluded as inadmissible hearsay. We agree.

Hearsay is defined in Tenn. R. Evid. 801(c) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tenn. R. Evid. 802 provides that hearsay is "not admissible except as provided by these rules or otherwise by law."

The case manager's testimony was hearsay and therefore only admissible under an exception to the hearsay rule. DCS argues that the case manager's testimony is admissible hearsay under the business records exception which is set forth in Tenn. R. Evid. 803(6):

(6) *Records of Regularly Conducted Activity* - A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses made at or near the time by or from information transmitted by a person with knowledge and a business duty to record or transmit if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all

as shown by the testimony of the custodian or other qualified witness or by certification that complies with Rule 902(11)or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, profession, occupation, and calling of every kind, whether or not conducted for profit.

The purpose of the rule is to facilitate the use of business records by eliminating the expense and inconvenience of calling numerous witnesses involved in the preparation and maintenance of the records. *Alexander v. Inman*, 903 S.W. 2d 686 (Tenn Ct. App. 1995).

First, we observe that this exception specifically refers to "records" and indicates that a "record" consists of "[a] memorandum, report, record or data compilation, in any form." It is clear from this language that this exception pertains solely to the admission of information in the form of tangible documentation. The rule provides for the admission of *records*. It does not provide for the admission of the testimony of a witness as to his or her *memory* of what the record stated. The ground for this exception to the hearsay rule is "the fact that regularly kept records typically have a high degree of accuracy." MCCORMICK ON EVIDENCE §286 (John W. Strong, ed. 1999).

A respected treatise on evidence law in Tennessee elaborates as follows:

> Historically, business records have been admissible as a hearsay exception because they are viewed as sufficiently trustworthy to be used by the trier of fact as evidence. They are considered reliable because businesses rely on them in their day to day business decisions, clerical employees' jobs hinge on their capacity to keep accurate records, and the business has countless opportunities to receive feedback on the accuracy of its records and to make the necessary changes to ensure the records are correct.

NEIL P. COHEN, SARAH Y. SHEPPEARD & DONALD F. PAINE, TENNESSEE LAW OF EVIDENCE § 8.11 (4th ed. 2000).

It is not reasonable to assume that a witness testifying from memory exhibits the "high degree of accuracy" attributed to a regularly kept record.

Further, even had the records been present in the trial court and been offered as an exhibit, the proper foundation pursuant to Tenn. R. Evid. 803(6) was not laid by the offering party. The only foundation presented was the following which was not sufficient:

> Q. Okay. And are you the keeper of the records for Daniel Floyd?
>
> A. Yes, I am.

Q. And do you record case recordings in his file on a regular basis?

A. Yes.

Q. And are those reviewed by your supervisor on a regular basis?

A. Yes, they are.

Q. Are you disciplined to accurately record?

A. Yes.

Q. And is this the policy that is followed by previous case managers?

A. Yes.

Q. And you reviewed their case files?

A. Yes.

DCS contends that in *State v. Haynes,* No. 01C01-9611-CC-00494, 1998 WL 307949 (Tenn. Crim. App. at Nashville, June 12, 1998) the Tennessee Court of Criminal Appeals "has ruled that there is no distinction in the business records hearsay exception between admission of the actual records and admission of testimony based on the records." The court in that case did state that its review of the relevant case law indicated that courts do not make a distinction under the business records exception between the admission of records and testimony based upon those records. However, the *Haynes* court did not address the merits of the business records issue because the Appellant waived the issue by failing to make appropriate references to the record. Therefore, because the court in *Haynes* did not address the issue now before us, any comments it made in that regard are *obiter dictum* and as such, do not constitute binding precedential authority. *Shepherd Fleets, Inc. v. Opryland USA*, 759 S.W.2d 914 (Tenn. Ct. App. 1988). In any event, we have reviewed the cases relied on by the *Haynes* court and find that those cases are factually distinguishable from the case before us.

Our determination that the trial court should have excluded the case manager's testimony with respect to the content of records that were not brought to the hearing is supported by our decision in *Perlberg v. Brencor Asset Management, Inc.,* 63 S.W.3d 390 (Tenn. Ct. App. 2001). In that case, an employee whose job was terminated sued his former employer for handicap discrimination alleging that the employer had violated the Tennessee Human Rights Act by not reasonably accommodating him in employment which was compatible with his condition after he suffered an on-the-job injury. The trial court concluded that the employer had not violated Tenn. Code Ann. § 8-50-103 as alleged by the Plaintiff because the statute was not applicable when the handicap prevented the employee from performing the duties required by the employment or

-5-

impaired the performance of the work in question. The trial court's determination that the plaintiff employee did not meet the physical qualifications for the job was based upon an affidavit of the employer's district manager which purported to establish that physical problems suffered by the plaintiff prevented him from performing duties required by the job or impaired his performance of the work. The affidavit included by attachment a letter from the district manager to the plaintiff referencing a letter from a doctor which allegedly indicated the plaintiff's permanent restrictions. The doctor's letter was not in the record and the plaintiff contended that the alleged statements of the doctor as set forth in the absent letter were inadmissible hearsay. The trial court decreed that the attestation as to what the doctor's letter indicated was admissible under the business records exception. We disagreed with the trial court and held that the business records exception did not apply based upon the following analysis:

> The affidavit includes as an attachment *a letter from* [the district manager] *to* [the plaintiff] stating again that [the employer] "has received the doctor's letter indicating permanent restrictions ...." This is the totality of the evidence relating to [the plaintiff's] alleged restrictions; *the doctor's letter is not in the record.* Hence, there is no "memorandum, report, record, or data compilation" from the doctor. Obviously, such a document must exist to implicate the provisions of Rule 803(6).

*Perlberg*, 63 S.W.3d at 396. (Emphasis in original.)

The case manager was not assigned the child's case until after the petition to terminate parental rights was filed. There is no indication that she has personal knowledge of what transpired in the case before the petition was filed. Accordingly, it is our determination that the only evidence she could have offered in support of the petition at the hearing consisted of inadmissible hearsay.

The next issue presented for our review is whether the trial court erred in admitting the testimony of the child's guardian ad litem.

At the conclusion of the testimony of the case manager, DCS called the child's guardian ad litem, Rebecca McCoy, as an additional witness in support of its petition to terminate the father's parental rights.

Tennessee Supreme Court Rule 40, adopted on February 5, 2002, provides in pertinent part as follows:

> (f) Guardian ad litem to function as lawyer, not as a witness or special master.
> (1) A guardian ad litem may not be a witness or testify in any proceeding in which he or she serves as guardian ad litem, except in those extraordinary circumstances specified by Supreme Court Rule 8, §§ EC 5-9, 5-10 and DR 5-101.

DCS does not allege that extraordinary circumstances existed which would have authorized testimony by the guardian ad litem. Accordingly, we hold that the testimony of the child's guardian ad litem was improperly admitted and should have been excluded as evidence in this matter.

The final issue addressed is whether the trial court should have granted the father's oral motion to dismiss at the close of DCS's proof.

The sole proof offered by DCS in support of its petition to terminate the father's parental rights consisted of the testimony of the case manager and the guardian ad litem. As we have noted, this testimony was erroneously admitted into evidence and should have been excluded. Upon our determination that all evidence supporting the petition to terminate parental rights should have been excluded, we are compelled to the necessary conclusion that the trial court erred in not granting the father's motion to dismiss at the close of proof by DCS.

Although the father raises additional issues in his brief, we find it unnecessary to address these upon our determination that they are pretermitted by our decision herein.

For the foregoing reasons, the judgment of the trial court is vacated and the case is remanded to the Juvenile Court for Sevier County for a new trial. Costs of appeal are adjudged against the State of Tennessee, Department of Children's Services.


_____
**SHARON G. LEE,  JUDGE**